UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CERTAIN REAL PROPERTIES LOCATED
AT 9930 ARCHDALE, DETROIT, WAYNE
COUNTY, MICHIGAN;
4174 BALFOUR, DETROIT, WAYNE
COUNTY MICHIGAN;
15737 BILTMORE, DETROIT, WAYNE
COUNTY, MICHIGAN;
18551 NORTH CAPITOL DRIVE,
SOUTHFIELD, OAKLAND COUNTY,
MICHIGAN;
2901 - 2951 CHICAGO, DETROIT,
WAYNE COUNTY, MICHIGAN;
18620 CURTIS, DETROIT, WAYNE
COUNTY, MICHIGAN;
20445 GARDENDALE, DETROIT, WAYNE
COUNTY, MICHIGAN;
12016 GLASTONBURY, DETROIT, WAYNE
COUNTY, MICHIGAN;
13565 GREENFIELD, DETROIT, WAYNE
COUNTY, MICHIGAN;
13581 GREENFIELD, DETROIT, WAYNE
COUNTY, MICHIGAN;
13601 - 13617 GREENFIELD, DETROIT,
WAYNE COUNTY, MICHIGAN;
18674 GREENFIELD, DETROIT, WAYNE
COUNTY, MICHIGAN;
7131 INTERVALE, DETROIT, WAYNE
COUNTY, MICHIGAN;

Case No. 07-10572

HONORABLE DENISE PAGE HOOD

7359 INTERVALE, DETROIT, WAYNE COUNTY, MICHIGAN;
18120 JAMES COUZENS, DETROIT, WAYNE COUNTY, MICHIGAN;
16741 LINDSAY, DETROIT, WAYNE COUNTY, MICHIGAN;
15858 LITTLEFIELD, DETROIT, WAYNE COUNTY, MICHIGAN;
15140 LIVERNOIS, DETROIT, WAYNE COUNTY, MICHIGAN;
15329 LIVERNOIS, DETROIT, WAYNE COUNTY, MICHIGAN;
15351 LIVERNOIS, DETROIT, WAYNE COUNTY, MICHIGAN;
15357 LIVERNOIS, DETROIT, WAYNE COUNTY, MICHIGAN;
15371 - 15379 LIVERNOIS, DETROIT, WAYNE COUNTY, MICHIGAN;
15385 - 15387 LIVERNOIS, DETROIT, WAYNE COUNTY, MICHIGAN;
14894 MANOR, DETROIT, WAYNE COUNTY, MICHIGAN;
15844 MANOR, DETROIT, WAYNE COUNTY, MICHIGAN;
10980 MARKLAND, HOLLY, OAKLAND COUNTY, MICHIGAN;
11000 MARKLAND, HOLLY, OAKLAND COUNTY, MICHIGAN;
15867 - 15869 MEYERS, DETROIT, WAYNE  COUNTY, MICHIGAN;
8343 NORTHLAWN, DETROIT, WAYNE COUNTY, MICHIGAN;
15808 - 15812 PLYMOUTH, DETROIT, WAYNE COUNTY, MICHIGAN;
15824 - 15832 PLYMOUTH, DETROIT, WAYNE COUNTY, MICHIGAN;
15836 PLYMOUTH, DETROIT, WAYNE COUNTY, MICHIGAN;
15846 PLYMOUTH, DETROIT, WAYNE COUNTY, MICHIGAN;
14838 PREST, DETROIT, WAYNE COUNTY, MICHIGAN;
14848 PREST, DETROIT, WAYNE COUNTY, MICHIGAN;
8636-8642 PURITAN, DETROIT, WAYNE

COUNTY, MICHIGAN;
15125 WEST SEVEN MILE, DETROIT,
WAYNE COUNTY, MICHIGAN;
14813 ST. MARYS, DETROIT, WAYNE
COUNTY, MICHIGAN;
11300 WARD, DETROIT, WAYNE
COUNTY, MICHIGAN;
17215 WARD, DETROIT, WAYNE
COUNTY, MICHIGAN;
15084 WASHBURN, DETROIT, WAYNE
COUNTY, MICHIGAN;
15465 WINTHROP, DETROIT, WAYNE
COUNTY, MICHIGAN;
20269 WINTHROP, DETROIT, WAYNE
COUNTY, MICHIGAN;
14855 - 14889 WYOMING, DETROIT,
WAYNE COUNTY, MICHIGAN;
14927 - 14943 WYOMING, DETROIT,
WAYNE COUNTY, MICHIGAN;
15121 - 15205 WYOMING, DETROIT,
WAYNE COUNTY, MICHIGAN;
INCLUDING ALL APPURTENANCES,
FIXTURES AND IMPROVEMENTS;

      Defendants.
_____/

## ORDER QUIETING TITLE AND EXTINGUISHING PURPORTED INTEREST OF CLIFFORD BROOKINS IN THIRTY-ONE (31) PROPERTIES

**I.    INTRODUCTION**

This matter is before the Court on the parties' Joint Motion For Entry Of Order Quieting Title and Extinguishing Purported Interest of Clifford Brookins [Dkt. #113, filed April 14, 2008] and corresponding Motion for Expedited Hearing [Dkt. #114, filed April 14, 2008]. A hearing on the

Motion was held on May 2, 2008. Present at the hearing were Assistant United States Attorney Tauras Ziedas, Clifford Brookins, Ida Carson, and Attorney Richard Morgan, counsel for Ida Carson.

## II.     FACTS

On February 7, 2007, the Government filed a Complaint for Forfeiture against the above-captioned 46 defendant real properties ("the Properties") pursuant to 18 U.S.C. § 985 (Civil Forfeiture of Real Property), 21 U.S.C. § 881(a)(6), 21 U.S.C. 881(a)(7) and/or 18 U.S.C. § 981(a)(1)(A). The Government recorded affidavits of interest affecting title to realty against the Properties in February of 2007. Sometime after the February 7, 2007 filing of the instant suit, the Government recorded notices of *lis pendens* against the Properties.

On or about February 20, 2007, all known owners of record of the Properties were served by mail with notice of this action. A Notice of Action was also published in the Detroit Legal News on April 6, April 13, and April 20, 2007, giving notice of the Government's intent to forfeit the Properties, an Affidavit of Publication having been filed with the court on April 26, 2007.

The Properties were previously claimed by Mark Frankel, as Personal Representative of the Trust Estate of Clarence Carson, Deceased, Ida Carson, Trustee of the Trust Estate of Clarence Carson, Deceased ("The Trust Estate"), and Ida Carson, individually, on March 30, 2007, pursuant to prior recorded instruments in the chain of title, evincing their ownership interests in all of the properties, albeit interests subject to forfeiture. Clifford Brookins was never given notice of this

action, because he did not have a recorded interest in any of the Properties when the Complaint was filed, and he did not file any claims in this case, the time for doing so having expired on or about May 25, 2007.

At issue in this case is the February 19, 2008 recording of a Quit Claim Deed ("Deed"), purportedly conveying 35 parcels of the Properties to Clifford Brookins. Federal agents attempted to interview Mr. Brookins about the Deed on March 21, 2008, but he refused to discuss it. The Deed casts a cloud upon the title of the Properties, 21 of which are currently being marketed and sold by the U.S. Marshal's Service.

The Joint Motion argues that the interests of the Government[1] in the Properties are superior to those of Mr. Brookins under the Michigan Recording Act, MCL § 565.29, because the Government recorded its interests "well before" Mr. Brookins filed his Deed. (Joint Mot. For Entry Of Order Quieting Title at 8.) At the hearing, Mr. Brookins argued that the state of Michigan does not have a recording act.

The purported signature of Ida Carson appears on the Deed. The Deed is dated March 30, 2003. At the hearing, Mrs. Carson indicated, through counsel, that she did not convey her interest in the Properties to Mr. Brookins. She further indicated, through counsel, that she did not meet Mr. Brookins until December of 2007.

---

[1]The parties note in their brief that Claimant Daphne Johnson may have a interest in one or two of the parcels. In any event, they argue that the Claimant's title is also superior to Mr. Brookins' title.

Although Mr. Brookins confirmed that he did not meet Mrs. Carson until December of 2007, he indicated that the signature on the Deed was hers. He explained that Mrs. Carson was instructed by her late husband, Clarence Carson, to sign a "blank" deed sometime in 2003. According to Mr. Brookins, he and Mr. Carson had made a "deal" in which Mr. Brookins would "watch" the Properties. When asked by the Court why he waited more than four years to file the Deed, Mr. Brookins responded that he is a member of the Detroit Constitutional Militia ("DCM"), and that the DCM made the decision to file the Deed on February 19, 2008.

## III. STANDARD OF REVIEW & APPLICABLE LAW

Most states have recording act statutes that establish the keeping of official county records to track public land ownership. These statutes help settle conflicts of ownership in real property by prioritizing documents of ownership. More specifically, these statutes protect people who have acted in good faith and paid value for property. By recording a document, an owner of property gives the general public notice of his ownership rights.

Contrary to the assertion of Mr. Brookins, Michigan does have a recording act statute, MCL § 565.29, which provides that:

> Every conveyance of real estate within the state hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded. The fact that such first recorded conveyance is in the form or contains the terms of a deed of quit-claim and release shall not affect the question of good faith of such subsequent purchaser, or be of itself notice to him of any unrecorded conveyance of the same real estate or any part thereof.

6

§ 565.29. A *lis pendens*, which is the type of document that the Government submitted to the Wayne County Register of Deeds, is a "conveyance" under MCL 565.29, and is the same as a deed for the purposes of this opinion. *Wachovia Bank, N.A. v. Moore*, 2007 WL 189018, at *3 (Mich. App. Jan. 25, 2007) (unpublished).

MCL § 565.29 is a race-notice recording act, which means that "the first interest holder to record takes priority, unless that individual has notice of a prior unrecorded interest." *First of Am. Bank v. Alt*, 848 F. Supp 1343, 1347 (W.D. Mich. 1993). At least twenty-five states other than Michigan have similar recording acts, which are known as race-notice statutes. To claim rightful ownership of or interest in property under a race-notice statute, a party needs to satisfy two conditions. *Id.* First, a party needs to file a claim of interest with the local register of deeds. *Id.* More importantly, that party needs to file his claim of interest *before* any other party files an interest with the local register of deeds. *Id.* If the first party claims his interest in the property *after* another party, the first party cannot claim ownership to property under a race-notice statute, the type of statute which applies in Michigan. *Id.*

If the first party files his claim of interest *before* any other party files theirs, the first party must satisfy a second condition to claim rightful ownership of or interest in the property. *Id.* The second condition requires the first party to establish that, at the time the first party filed his claim of interest with the local register of deeds, the first party had no reason to believe that the property was owned by another party. *Id.* If another party was living on the property, for example, the first

7

party would have reason to believe that the property was owned by another party. Under this scenario, the first party would not be able to satisfy the second condition of the race-notice test. *Id.* The first party would also not be able to satisfy the second condition of the race-notice test if the first party has personal knowledge that the property had previously been conveyed to another party. *Id.*

## IV. ANALYSIS

Assuming that Mr. Brookins has a valid claim that he owns 31 parcels of the Properties at issue in this case,[2] the Government must satisfy a two-part test to extinguish Mr. Brookins' ownership in the Properties. MCL § 565.29. First, the Government must demonstrate that it filed its *lis pendens*, which is a type of conveyance that can be filed with the Wayne County Register of Deeds, before Mr. Brookins filed his Deed. *Id.* Second, the Government must demonstrate that it had no knowledge of Mr. Brookins' interest in the Properties before it filed its *lis pendens. Id.*

The Court concludes that the Government has demonstrated the first prong of the race-notice test, because the Government filed its interests in the Properties before Mr. Brookins did. The Government recorded its *lis pendens* interest in the Properties in February of 2007. Mr. Brookins did not record his interest in the Properties until approximately one year later, on February 19, 2008.

The Government has also demonstrated the second prong of the race-notice test. The

---

[2]At the hearing, Mrs. Carson indicated that she did not sign the Deed. In other words, she never conveyed the Properties to Mr. Brookins.

8

Government has shown that it had no direct knowledge, or even a reason to believe that Mr Brookins had an interest in the Properties until sometime after Brookins filed the Deed on February 19, 2008. The Government discovered the February 19, 2008 filing of the Deed "during the course of title searches done in connection with the proposed sales." (Joint Mot. For Entry Of Order Quieting Title at 5.) Further, there is no evidence in the record to establish that the Government knew or should have known that Mr. Brookins had an interest in the Properties. Nothing contained in the record indicates that someone was living in the Properties or that the Government somehow knew of the 2003 conveyance of the Properties to Mr. Brookins.

The information provided by Mr. Brookins at the hearing confirms the conclusion that, before conducting its title searches, the Government had no direct knowledge or even a reason to believe that Mr Brookins had an interest in the Properties. Mr. Brookins appeared to indicate at the hearing that only he and Mr. Carson had knowledge of the 2003 conveyance of Properties to Mr. Brookins. Even Mrs. Carson lacked knowledge of the conveyance.

Because the Government has demonstrated that it satisfies the two steps necessary to establish its rightful interest in the Properties, the Deed must be removed from the chain of title of the Properties. Accordingly, the February 19, 2008 Quit Claim Deed, purportedly conveying interest in the Properties to Mr. Brookins, should be removed from the chain of title of the Properties.

## V. CONCLUSION

In light of the foregoing,

IT IS ORDERED that Joint Motion For Entry Of Order Quieting Title and Extinguishing Purported Interest of Clifford Brookins [Dkt. #113, filed April 14, 2008] is **GRANTED**.

IT IS FURTHER ORDERED that the Joint Motion for Expedited Hearing [Dkt. #114, filed April 14, 2008] is **GRANTED**.

IT IS FURTHER ORDERED that any interests claimed by Clifford Brookins by virtue of the Quit Claim Deed recorded on February 19, 2008 at Liber 47002, Page 182-186, Wayne County Register of Deeds, or any other unrecorded or belatedly recorded instrument, in any parcels of real property that remain the subject matter of this action, are hereby **EXTINGUISHED**.

IT IS FURTHER ORDERED that Clifford Brookins is not entitled to and shall not claim any portion of the sale proceeds from the sales of any properties that are the subject matter of this case.

IT IS FURTHER ORDERED that this Order be recorded with the Wayne County Register of Deeds.

                                                                    s/Denise Page Hood
                                                                    Denise Page Hood
                                                                    United States District Judge

Dated: June 6, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 6, 2008, by electronic and/or ordinary mail.

                                                                    s/William F. Lewis
                                                                    Case Manager